IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 5:13-CR-32-MTT |
| JAMES HINTON; CHRISTOPHER HALL; RONALD LACH, JR.; DELTON RUSHIN; KERRY BOLDEN; DERRICK WIMBUSH; KADARIUS THOMAS; and TYLER GRIFFIN, | (18 U.S.C. §§ 241, 242, 371, 1512, and 1519) |
| Defendants. | |

### INDICTMENT

### COUNT 1
### (Conspiracy Against Rights)

THE GRAND JURY CHARGES THAT:

### INTRODUCTION

1.  At all times relevant to this indictment, Macon State Prison ("MSP") was a prison in Macon County, Georgia, that housed inmates convicted of state crimes.  Macon State Prison included, among other facilities, dormitories that housed inmates; an identification office; a medical unit; and a gymnasium.

2.  The Correctional Emergency Response Team (CERT) at Macon State Prison was a specially-trained group of Correctional Officers, led by a Sergeant.  CERT's duties included escorting

inmates inside MSP.

3.    From  October  25,  2010,  through  December  16,  2010,
defendant **JAMES HINTON** was a Deputy Warden at Macon State
Prison, and a supervisor for the CERT Sergeant.

4.    From  October  25,  2010,  through  December  16,  2010,
defendant **CHRISTOPHER HALL** was the CERT Sergeant.

5.    Defendants  **RONALD  LACH,  Jr.**  (hereinafter  "**LACH**"),
**DELTON RUSHIN**, **KERRY BOLDEN**, **DERRICK WIMBUSH**, **KADARIUS THOMAS**,
and **TYLER GRIFFIN** were MSP correctional officers who served on
CERT in 2010.

6.    On October 25, 2010, F.J., an inmate at MSP, struck an
MSP officer.

7.    On October 28, 2010, J.M., an inmate at MSP, struck an
MSP officer.

8.    On December 14, 2010, M.W., an inmate at MSP, struck
an MSP officer.

9.    On December 16, 2010, T.D., an inmate at MSP, struck
an MSP officer.

THE CHARGE

10.    Paragraphs 1-9 are hereby incorporated into the counts
set forth below.

From  on  or  about  October  25,  2010,  until  on  or  about

2

December 16, 2010, defendants

**CHRISTOPHER HALL,**
**RONALD LACH,**
**DELTON RUSHIN,**
**KERRY BOLDEN,**
**DERRICK WIMBUSH,**
**KADARIUS THOMAS,** and
**TYLER GRIFFIN**

willfully combined, conspired, and agreed with one another, and with other persons known and unknown to the grand jury, to injure, oppress, threaten, and intimidate inmates, including F.J., J.M., M.W., and T.D., in the free exercise and enjoyment of a right, secured by the Constitution and the laws of the United States; namely, the right to be free from cruel and unusual punishment.

## PLAN AND PURPOSE OF THE CONSPIRACY

11. It was the plan and purpose of the conspiracy that defendants **HALL, LACH, RUSHIN, BOLDEN, WIMBUSH, THOMAS,** and **GRIFFIN**, aided and abetted by each other and by others known and unknown to the grand jury, would assault inmates to punish the inmates for having previously assaulted other MSP officers. To achieve the object of that conspiracy, CERT members would retaliate against inmates by assaulting them.

## OVERT ACTS

12. In furtherance of the conspiracy, and to effect the

objects thereof, the defendants and their co-conspirators committed the following overt acts, among others, at Macon State Prison, in the Middle District of Georgia.

a.    On or about October 25, 2010, CERT members, including defendants **BOLDEN** and **RUSHIN,** assaulted inmate F.J., or watched and failed to prevent the assault of F.J., in the MSP gymnasium.

b.    On or about October 28, 2010, CERT members, including **RUSHIN** and **GRIFFIN,** assaulted inmate J.M., or watched and failed to prevent the assault of J.M., behind the MSP identification office.

c.    On or about December 14, 2010, CERT members, including **LACH, BOLDEN, RUSHIN, THOMAS,** and **WIMBUSH**, assaulted inmate M.W., or watched and failed to prevent the assault of M.W., in the MSP gymnasium.

d.    On or about December 16, 2010, CERT members, including defendants **HALL, RUSHIN, BOLDEN,** and **THOMAS,** responded to a dorm where inmate T.D. had assaulted an officer.  CERT members then escorted inmate T.D. from the dorm to the gymnasium.

e.    In the gym, MSP Sergeant Emmett McKenzie told inmate T.D.: Don't mess with my officers!, and defendants **HALL, LACH, RUSHIN, WIMBUSH,** and **BOLDEN** assaulted inmate T.D.

4

## COUNT 2
### [Deprivation of rights]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendants

**CHRISTOPHER HALL,**
**RONALD LACH,**
**DELTON RUSHIN,**
**KERRY BOLDEN,** and
**DERRICK WIMBUSH,**

while acting under color of law and while aided and abetted by each other and by others known and unknown to the grand jury, willfully deprived T.D. of the right, protected and secured by the Constitution and laws of the United States, to be free from cruel and unusual punishment.  Specifically, the defendants and others assaulted T.D. in the MSP gymnasium in retaliation for an earlier incident.  The offense resulted in bodily injury to T.D.

All in violation of Title 18, United States Code, Sections 242 and 2.

5

## COUNT 3
### [Conspiracy to Obstruct]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    From on or about October 25, 2010, through January 9, 2013, in Macon County, in the Middle District of Georgia, defendants

**JAMES HINTON,**
**CHRISTOPHER HALL,**
**RONALD LACH,**
**DELTON RUSHIN,**
**KERRY BOLDEN,**
**DERRICK WIMBUSH,**
**KADARIUS THOMAS, and**
**TYLER GRIFFIN**

willfully combined, conspired, and agreed with each other, and with others known and unknown to the grand jury, to commit the following offenses against the United States, as charged in the remaining counts of the indictment and incorporated herein:

a.    to knowingly engage in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of a federal offense, in violation of Title 18,

6

United States Code, Section 1512(b)(3); and,

   b.   to knowingly falsify and make a false entry in a document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction, and in relation to and in contemplation of such a matter, in violation of Title 18, United States Code, Section 1519.

### Plan and Purpose of the Conspiracy

   It was the plan and purpose of the conspiracy that the defendants would provide false and misleading information about CERT members' assaults on inmates, including F.J., J.M., M.W., and T.D., and would cover up other information to ensure that officers involved in the assaults would be shielded from liability.   It was further the plan and purpose of the conspiracy that the defendants would write false and misleading reports and would provide false and misleading statements when questioned about the events that led to the injuries that CERT members inflicted on inmates.

### Overt Acts

   In furtherance of the conspiracy, and to effect the objects thereof, the members of the conspiracy committed one or more of the following overt acts, among others, in the Middle District

7

of Georgia:

1.   On or about October 25, 2010, defendant **BOLDEN** signed and submitted a false and misleading MSP Witness Statement regarding his treatment of inmate F.J.

2.   On the same date, defendant **BOLDEN** signed and submitted a false and misleading Georgia Department of Corrections (GDOC) Use of Force Supplement Report regarding the circumstances leading up to the use of force against F.J., and regarding the type and extent of the forceful action taken against inmate F.J. In both his MSP Witness Statement and his GDOC Use of Force Supplement, defendant **BOLDEN** concealed his knowledge that CERT members had assaulted F.J. in the gymnasium.

3.   On or about October 25, 2010, defendants **GRIFFIN, RUSHIN,** and **WIMBUSH** each wrote, signed, and submitted a false and misleading MSP Witness Statement that concealed that CERT members had assaulted F.J. in the gymnasium.

4.   On or about October 28, 2010, defendant **RUSHIN** wrote, signed, and submitted a false and misleading MSP Witness Statement that concealed that CERT members had assaulted inmate J.M. behind the Identification Office.

5.   On or about December 14, 2010, defendants **RUSHIN** and **THOMAS** each wrote, signed, and submitted a false and misleading

8

MSP Witness Statement that concealed that CERT members had assaulted M.W. in the gymnasium.

6. On or about December 16, 2010, after T.D. had been beaten and transported from MSP in an ambulance, defendants **LACH**, **RUSHIN**, **BOLDEN**, and **WIMBUSH** met with other officers to discuss the beating of T.D., and to encourage each other and other officers to give false statements regarding the injuries T.D. had suffered while in the custody of CERT members.

7. On or about December 16, 2010, defendants **HALL, LACH, RUSHIN, BOLDEN, WIMBUSH**, and other officers each wrote, signed, and submitted a false and misleading MSP Witness Statement related to the injuries that inmate T.D. had suffered while in the custody of CERT members.

8. On or about January 7, 2011, defendant **HALL** met with an agent of the Georgia Bureau of Investigation (GBI), and falsely denied having been present when inmate T.D. was escorted through the gymnasium on December 16, 2010.

9. On or about January 7, 2011, defendant **WIMBUSH** met with a GBI agent, and falsely denied having been present when inmate T.D. was escorted through the gymnasium on December 16, 2010; falsely denied having seen anyone assault inmate T.D. in the gymnasium; and falsely denied having had any knowledge that

9

officers had agreed to prepare untruthful statements regarding inmate T.D.

10. On or about November 13, 2012, defendant **HINTON** appeared before a federal grand jury, and falsely denied having known in 2010 that CERT members had assaulted inmates in the gym.

All in violation of Title 18, United States Code, Section 371.

10

## COUNT 4
### [Obstruction of Justice – Corruptly Persuade]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about December 16, 2010, and in January of 2011, in the Middle District of Georgia, defendant

### RONALD LACH

knowingly corruptly persuaded other correctional officers, and attempted to do so, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 and 2.    Specifically, defendant **LACH** encouraged correctional officers to provide investigators with false and misleading information about the circumstances surrounding the injuries inmate T.D. had suffered while in the custody of CERT members on December 16, 2010.

All in violation of Title 18, United States Code, Section 1512(b)(3).

11

## COUNT 5
## [Obstruction of Justice – Corruptly Persuade]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about December 16, 2010, and in January of 2011, in the Middle District of Georgia, defendant

**CHRISTOPHER HALL**

knowingly corruptly persuaded other correctional officers, and attempted to do so, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 and 2.   Specifically, defendant **HALL** encouraged correctional officers to provide investigators with false and misleading information about the circumstances surrounding the injuries inmate T.D. had suffered while in the custody of CERT members on December 16, 2010.

All in violation of Title 18, United States Code, Section 1512(b)(3).

12

## COUNT 6
## [Obstruction of Justice - Corruptly Persuade]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about December 16, 2010, and in January of 2011, in the Middle District of Georgia, defendant

### DELTON RUSHIN

knowingly corruptly persuaded other correctional officers, and attempted to do so, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 and 2. Specifically, defendant **RUSHIN** encouraged correctional officers to provide investigators with false and misleading information about the circumstances surrounding the injuries inmate T.D. had suffered while in the custody of CERT members on December 16, 2010.

All in violation of Title 18, United States Code, Section 1512(b)(3).

13

## COUNT 7
### [Obstruction of Justice - Corruptly Persuade]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about December 16, 2010, and in January of 2011, in the Middle District of Georgia, defendant

### DERRICK WIMBUSH

knowingly corruptly persuaded other correctional officers, and attempted to do so, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 and 2.    Specifically, defendant **WIMBUSH** encouraged correctional officers to provide investigators with false and misleading information about the circumstances surrounding the injuries inmate T.D. had suffered while in the custody of CERT members on December 16, 2010.

All in violation of Title 18, United States Code, Section 1512(b)(3).

14

## COUNT 8
### [Obstruction of Justice - Misleading Conduct]

The Grand Jury for the Middle District of Georgia further charges:

1.  Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.  On or about January 7, 2011, in Macon County, in the Middle District of Georgia, defendant

### DERRICK WIMBUSH

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offense charged in Count 2. That is, defendant **WIMBUSH** knowingly and intentionally misled agents from the Georgia Bureau of Investigation, during an interview about the events that led to T.D.'s injuries, by: falsely denying he was present when T.D. was escorted through the gym; falsely denying that he saw anyone assault T.D. inside the gym; omitting that he had participated in the assault against T.D. inside the gym; falsely claiming that he had sat alone at his desk and prepared a statement outlining the events that occurred; and falsely denying that officers had agreed to provide untruthful

15

statements about the incident involving T.D.    In truth and in fact, as defendant **WIMBUSH** then well knew, he had been present in the gymnasium when he and other CERT members had assaulted inmate T.D.; and he had met with other CERT members and agreed to provide an untruthful witness statement regarding the December 16, 2010, incident with inmate T.D.

All in violation of Title 18, United States Code, Section 1512(b)(3).

16

## COUNT 9
### [Obstruction of Justice – Misleading Conduct]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about January 7, 2011, in Macon County, in the Middle District of Georgia, defendant

**CHRISTOPHER HALL**

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of truthful information relating to the commission and possible commission of the federal offense charged in Count 2. That is, defendant **HALL** knowingly and intentionally misled agents from the Georgia Bureau of Investigation, during an interview about the events that led to T.D.'s injuries, by falsely claiming that he did not go into the gymnasium with T.D. as the inmate was escorted to the medical unit. In truth and in fact, as defendant **HALL** then well knew, he had been present in the gymnasium when CERT members assaulted inmate T.D.

All in violation of Title 18, United States Code, Section 1512(b)(3).

17

## COUNT 10
### [Obstruction of Justice – Misleading Conduct]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about January 7, 2011, in Macon County, in the Middle District of Georgia, defendant

### KERRY BOLDEN

knowingly engaged in misleading conduct toward another person with intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of truthful information relating to the commission and possible commission of the federal offense charged in Count 2. That is, defendant **BOLDEN** knowingly and intentionally misled agents from the Georgia Bureau of Investigation, during an interview about the events that led to T.D.'s injuries, by falsely claiming that the force used on inmate T.D. in the gymnasium was only in the abdominal and other soft tissue areas. In truth and in fact, as defendant **BOLDEN** then well knew, inmate T.D. had been struck in the head multiple times.

All in violation of Title 18, United States Code, Section 1512(b)(3).

## COUNT 11
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about October 25, 2010, in Macon County, in the Middle District of Georgia, defendant

**KERRY BOLDEN,**

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **BOLDEN** falsified a Georgia Department of Corrections Use of Force Supplement Report relating to a use of force against inmate F.J. by: (1) falsely describing the "type and extent of forceful action" as defendant **BOLDEN** having "placed" his "right hand on inmate['s] left forearm and placed him on the ground;" (2) falsely describing the circumstances that led to the use of force on F.J.; and, (3) omitting that CERT members had assaulted and injured F.J. without legal justification.

19

All in violation of Title 18, United States Code, Section 1519.

## COUNT 12
### [Obstruction of Justice - Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.  Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.  On or about October 25, 2010, in Macon County, in the Middle District of Georgia, defendant

### TYLER GRIFFIN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **GRIFFIN** falsified a Macon State Prison Witness Statement regarding CERT's escort of inmate F.J. by: (1) falsely claiming that defendant **GRIFFIN** "operated the camera #1 while the officer escorted Inmate [F.J.] to medical;" and, (2) by omitting that CERT members had assaulted and injured F.J. without legal justification.

All in violation of Title 18, United States Code, Section 1519.

21

## COUNT 13
### [Obstruction of Justice - Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about October 28, 2010, in Macon County, in the Middle District of Georgia, defendant

### DELTON RUSHIN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **RUSHIN** falsified a Macon State Prison Witness Statement regarding CERT's escort of inmate J.M. by omitting that, as defendant **RUSHIN** "assisted with escorting Inmate [J.M.] from westside dining hall to medical," CERT members had assaulted J.M. without legal justification.

All in violation of Title 18, United States Code, Section 1519.

22

## COUNT 14
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about December 14, 2010, in Macon County, in the Middle District of Georgia, defendant

### DELTON RUSHIN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **RUSHIN** falsified a Macon State Prison Witness Statement regarding CERT's escort of inmate M.W. by omitting that, as defendant **RUSHIN** "assisted with escorting inmate [M.W.] from unit E1 to medical," CERT members had assaulted M.W. in the gymnasium without legal justification.

All in violation of Title 18, United States Code, Section 1519.

## COUNT 15
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about December 14, 2010, in Macon County, in the Middle District of Georgia, defendant

### KADARIUS THOMAS,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **THOMAS** falsified a Macon State Prison Witness Statement regarding CERT's escort of inmate M.W. by omitting that CERT members had assaulted M.W. in the gymnasium without legal justification.

All in violation of Title 18, United States Code, Section 1519.

24

## COUNT 16
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.  Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.  On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendant

### CHRISTOPHER HALL,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **HALL** falsified an MSP Witness Statement regarding the escort of inmate T.D. by: falsely claiming that "Upon arrival to the incident[,] I observed Inmate [T.D.] being escorted across the big yard.  Once the CERT Team reached the Eastside gym door, Ofc. Rushin and myself returned to Unit E-2 to assist in the lockdown." and, (2) by omitting that he and other CERT members had assaulted and injured T.D. without legal justification.

All in violation of Title 18, United States Code, Section

25

1519.

## COUNT 17
### [Obstruction of Justice - Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.  Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.  On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendant

**RONALD LACH,**

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **LACH** falsified an MSP Witness Statement regarding the escort of inmate T.D. by: (1) falsely claiming that T.D. "snatched away" from staff and then "tripped and fell face first on the gym floor;" and (2) by omitting that he and other CERT members had assaulted T.D. without legal justification, and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section 1519.

27

## COUNT 18
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.   Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.   On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendant

### DELTON RUSHIN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **RUSHIN** falsified an MSP Witness Statement regarding the escort of inmate T.D. by: (1) falsely claiming that he had observed "knots on [T.D.'s] head" as T.D. was escorted across the yard and to the gym; and (2) by omitting that he and other CERT members had assaulted T.D. without legal justification and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section 1519.

28

## COUNT 19
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendant

### KERRY BOLDEN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **BOLDEN** falsified an MSP Witness Statement regarding the escort of inmate T.D. by: (1) falsely claiming that he met other correctional officers on the "Westside walk" where T.D. had "appeared to be passed out;" and (2) by omitting that he and other CERT members had assaulted T.D. without legal justification and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section 1519.

## COUNT 20
## [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1. Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2. On or about December 16, 2010, in Macon County, in the Middle District of Georgia, defendant

### DERRICK WIMBUSH,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **WIMBUSH** falsified his MSP Witness Statement regarding the escort of inmate T.D. by: (1) falsely claiming that, upon his arrival in the yard, defendant **WIMBUSH** had observed T.D. with a "knot on the forehead and bruises on the face;" and (2) by omitting that he and other CERT members had assaulted T.D. without legal justification and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section 1519.

30

## COUNT 21
## [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.    Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.    On or about January 7, 2011, in Macon County, in the Middle District of Georgia, defendant

**KERRY BOLDEN,**

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction.   That is, defendant **BOLDEN** falsified a handwritten statement that he provided to the Georgia Bureau of Investigation by: (1) falsely claiming that, inside the gymnasium, T.D. "was very hostil [*sic*] and had to be taken down by the members by using hands on force;" and (2) by omitting that he and other CERT members had assaulted T.D. without legal justification and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section 1519.

31

## COUNT 22
### [Obstruction of Justice – Falsification of Document]

The Grand Jury for the Middle District of Georgia further charges:

1.   Paragraphs 1 through 9 of Count 1 are realleged and incorporated by reference herein.

2.   On or about January 7, 2011, in Macon County, in the Middle District of Georgia, defendant

### DELTON RUSHIN,

in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, knowingly falsified a document with the intent to impede, obstruct, and influence the investigation and proper administration of the matter within federal jurisdiction. That is, defendant **RUSHIN** falsified a handwritten statement that he provided to the Georgia Bureau of Investigation by: (1) falsely claiming that he had observed "a knot on [T.D.'s] head" as the inmate was escorted to the gymnasium; (2) falsely claiming that, "Once in the gym[,] [T.D.] could have gotten snatched around a little, but I can't remember;" and (3) by omitting that he and other CERT members had assaulted T.D. without legal justification and, in so doing, had injured T.D.

All in violation of Title 18, United States Code, Section

32

1519.


A ___TRUE___ BILL

FOREPERSON _____


MICHAEL J. MOORE
UNITED STATES ATTORNEY

THOMAS E. PEREZ
ASSISTANT ATTORNEY GENERAL
U.S. Department of Justice
Civil Rights Division

FORREST CHRISTIAN
SPECIAL LITIGATION COUNSEL
United States Department of Justice
Civil Rights Division
601 D Street, N.W.
Washington, DC 20004
202/514-8376
202/514-8336 (fax)
Virginia Bar No. 46743

TONA BOYD
TRIAL ATTORNEY
United States Department of Justice
Civil Rights Division
601 D Street, N.W.
Washington, DC 20004
202/305-3666
202/514-8336 (fax)
California Bar No. 270975


Filed in open court this 15th day of April, 2013.

CA Lunsford
Deputy Clerk

33